EXHIBIT 1

# GUARDANT HEALTH®

October 2, 2017

Jill Beckman
6900 Spencer Lake Road
Medina, OH 44256

RE: **TERMS OF SEPARATION**

Dear Jill:

This letter confirms the agreement between you and Guardant Health (the "Company") concerning the terms of your separation and offers you the separation compensation we discussed in exchange for a release of claims.

1. **Separation Date:** As you know, September 18, 2017 was your last day in your role as Account Executive at which time you began to transition your role over to Alicia Madison. Your employment with the Company will cease effective October 2, 2017 after the transition period.

2. **Acknowledgment of Payment of Wages:** On October 2, 2017 you will receive your final paycheck in the amount of $TBD for all wages, salary, reimbursable expenses, accrued vacation and any similar payments due you from the Company as of the Separation Date.

3. **Separation Compensation:** In exchange for your agreement to the waiver of claims set forth in paragraph 6, below, the Company agrees to: (a) pay you a total of 4 weeks base pay less applicable state and federal payroll deductions and withholdings; (b) reimburse any premium payments you make to continue your existing health insurance coverage under COBRA for up to 1 month. By signing below, you acknowledge that you are receiving the separation compensation outlined in this paragraph in consideration for waiving your rights to claims referred to in this agreement and that you would not otherwise be entitled to the separation compensation.

4. **Return of Company Property:** You hereby warrant to the Company that you have returned to the Company all property or data of the Company of any type whatsoever that has been in your possession or control.

5. **Confidential Information:** You hereby acknowledge that you are bound by the attached agreement dated September 8, 2016, and that as a result of your employment with the Company you have had access to the Company's Proprietary Information (as defined in the agreement), that you will hold all Proprietary Information in strictest confidence and that you will not make use of such Proprietary

Information on behalf of anyone. You further confirm that you have delivered to the Company all documents and data of any nature containing or pertaining to such Proprietary Information and that you have not taken with you any such documents or data or any reproduction thereof.

6. **Waiver of Claims:** The payments and promises set forth in this agreement are in full satisfaction of all accrued salary, vacation pay, bonus pay, profit-sharing, stock options, termination benefits or other compensation to which you may be entitled by virtue of your employment with the Company or your separation from the Company. You hereby release and waive any other claims you may have against the Company and its owners, agents, officers, shareholders, employees, directors, attorneys, subscribers, subsidiaries, affiliates, successors and assigns (collectively "Releasees"), whether known or not known, including, without limitation, claims under any employment laws, including, but not limited to, claims of unlawful discharge, breach of contract, breach of the covenant of good faith and fair dealing, fraud, violation of public policy, defamation, physical injury, emotional distress, claims for additional compensation or benefits arising out of your employment or your separation of employment, claims under Title VII of the 1964 Civil Rights Act, as amended, Maryland State Government Article 20-602, et seq., and any other laws and/or regulations relating to employment or employment discrimination, including, without limitation, claims based on age or under the Age Discrimination in Employment Act or Older Workers Benefit Protection Act. By signing below, you expressly waive any benefits of Section 1542 of the Civil Code of the State of California (and/or any other state or Federal provision of similar effect), which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, this waiver and release of claims does not extend to any rights, which as a matter of law cannot be waived and released.

7. **Nondisparagement:** You agree that you will not disparage Releasees or their products, services, agents, representatives, directors, officers, shareholders, attorneys, employees, vendors, affiliates, successors or assigns, or any person acting by, through, under or in concert with any of them, with any written or oral statement.

8. **Legal and Equitable Remedies:** You agree that Releasees have the right to enforce this agreement and any of its provisions by injunction, specific performance or other equitable relief without prejudice to any other rights or remedies Releasees may have at law or in equity for breach of this agreement.

9. **Attorneys' Fees:** If any action is brought to enforce the terms of this agreement, the prevailing party will be entitled to recover its reasonable attorneys' fees, costs and expenses from the other party, in addition to any other relief to which the prevailing party may be entitled.

10. **Confidentiality:** The contents, terms and conditions of this agreement must be kept confidential by you and may not be disclosed except to your accountant or attorneys or immediate family or pursuant to subpoena or court order. You agree that if you are asked for information concerning this agreement, you will state only that you and the Company reached an amicable resolution of any disputes concerning your separation from the Company. Any breach of this confidentiality provision shall be deemed a material breach of this agreement.

11. **No Admission of Liability:** This agreement is not and shall not be construed or contended by you to be an admission or evidence of any wrongdoing or liability on the part of Releasees, their representatives, heirs, executors, attorneys, agents, partners, officers, shareholders, directors, employees, subsidiaries, affiliates, divisions, successors or assigns. This agreement shall be afforded the maximum protection allowable under Federal Rules of Evidence Rule 408, Maryland Rules of Evidence Rule 5-408, and/or any other state or Federal provisions of similar effect.

12. **Entire Agreement:** This agreement constitutes the entire agreement between you and Releasees with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral, relating to such subject matter other than the confidentiality agreement referred to in paragraph 5, above. You acknowledge that neither Releasees nor their agents or attorneys have made any promise, representation or warranty whatsoever, either express or implied, written or oral, which is not contained in this agreement for the purpose of inducing you to execute the agreement, and you acknowledge that you have executed this agreement in reliance only upon such promises, representations and warranties as are contained herein.

13. **Modification:** It is expressly agreed that this agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement that specifically refers to this agreement, executed by authorized representatives of each of the parties to this agreement.

14. **Review of Separation Agreement:** You understand that you may take up to twenty-one (21) days to consider this agreement and, by signing below, affirm that you were advised to consult with an attorney prior to signing this agreement. You also understand you may revoke this agreement within seven (7) days of signing this document and that the separation compensation to be provided to you pursuant to Paragraph 3 will be provided only after the end of that seven (7) day revocation period.

If you agree to abide by the terms outlined in this letter, please sign this letter below and also sign the attached copy and return it to me. I wish you the best in your future endeavors.

Sincerely,

Guardant Health

By: *Amelia E Merrill*
Amelia Merrill
VP, People

READ, UNDERSTOOD AND AGREED:

Signature: *Jill Beckman*
Jill Beckman

Date: Oct 6, 2017

# Separation Agreement

GUARDANT HEALTH

Adobe Sign Document History                    10/06/2017

| Created: | 10/05/2017 |
|---|---|
| By: | Casey Khoo (ckhoo@guardanthealth.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZzd2dysP81loUocU_eJzdB7tSK-JbS_J |

# "Separation Agreement" History

- Document created by Casey Khoo (ckhoo@guardanthealth.com)
  10/05/2017 - 9:47:15 AM PDT- IP address: 75.40.18.75

- Document emailed to Amelia E Merrill (amerrill@guardanthealth.com) for signature
  10/05/2017 - 9:48:04 AM PDT

- Document viewed by Amelia E Merrill (amerrill@guardanthealth.com)
  10/05/2017 - 9:50:01 AM PDT- IP address: 50.233.156.2

- Document e-signed by Amelia E Merrill (amerrill@guardanthealth.com)
  Signature Date: 10/05/2017 - 9:50:42 AM PDT - Time Source: server- IP address: 50.233.156.2

- Document emailed to Jill Beckman (jillbeckman1123@gmail.com) for signature
  10/05/2017 - 9:50:43 AM PDT

- Document viewed by Jill Beckman (jillbeckman1123@gmail.com)
  10/05/2017 - 10:30:09 AM PDT- IP address: 107.77.192.167

- Document e-signed by Jill Beckman (jillbeckman1123@gmail.com)
  Signature Date: 10/06/2017 - 11:24:59 AM PDT - Time Source: server- IP address: 107.9.182.107

- Signed document emailed to Amelia E Merrill (amerrill@guardanthealth.com), Jill Beckman (jillbeckman1123@gmail.com) and Casey Khoo (ckhoo@guardanthealth.com)
  10/06/2017 - 11:24:59 AM PDT

Adobe Sign