## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JILL M. BECKMAN,                    :
                                    :
          Plaintiff,                :
                                    :          Case No. 1:18-cv-00985-DCN
     v.                             :
                                    :          Judge Donald C. Nugent
GUARDANT HEALTH, INC.,              :
                                    :
          Defendant.                :
                                    :
                                    :

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Guardant Health, Inc., by and through its attorneys, Littler

Mendelson, P.C., submits the following Answer and Defenses to Plaintiff's Complaint.

## PARTIES

1.     Plaintiff, Jill, is a citizen of the State of Ohio, residing at 6900 Spencer Lake
Road, Medina, Ohio.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, it

denies those allegations.


2.     Defendant, Guardant Health, Inc. ("Guardant") is a corporation, which
was incorporated in the State of Delaware and maintains its principle place of business
at 505 Penobscot Drive, Redwood City, California.

**ANSWER:**     Defendant admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     The parties are of diverse citizenship.

**ANSWER:**   Defendant admits the allegations in paragraph 3 of the Complaint.

4.     The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

**ANSWER:**   Defendant admits that Plaintiff seeks monetary damanges of more

than $75,000 but denies that Plaintiff is entitled to any of the relief alleged in paragraph

4 of or elsewhere in the Complaint.

5.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

**ANSWER:**   Defendant admits that the Court has subject matter jurisdiction

over this case but states that jurisdiction cannot be conferred by admission.

6.     The exercise of personal jurisdiction in Ohio is proper under Fed. R. Civ. P. 4 and R.C. 2307.382 (A) and (B) because of Guardant's regular, ongoing and systematic contact with Ohio, including the employment of Ohio citizens as account executives; and because the acts giving rise to Jill's claims occurred in Ohio. Specifically, Guardant markets, promotes, offers for sale, sells, and/or distributes Guardant360 through account executives employed in Ohio and elsewhere to customers including oncologists, pathologists, healthcare institutions and/or others in Ohio and elsewhere.  Guardant entered into an employment agreement with Jill in Ohio that included, among other documents, a Confidential Information and Assignment Agreement; and Guardant entered into a Contract of Separation (as hereinafter defined) with Jill in the State of Ohio.

**ANSWER:**   Defendant admits that the Court has personal jurisdiction over this

case but states that jurisdiction cannot be conferred by admission.  Defendant admits

that it markets, promotes, offers for sale, sells, and/or distributes Guardant360 through account executives employed in Ohio and elsewhere to customers including oncologists, pathologists, healthcare institutions and/or others in Ohio and elsewhere. Defendant admits that Plaintiff signed an Employee Confidential Information and Invention Assignment Agreement on Septmber 8, 2016, and that Plaintiff and Defendant executed a separation agreement upon Plaintiff's termination. Except as expressly admitted, Defendant denies the allegations in paragraph 6 of the Complaint.

7.      Pursuant to 28 U.S.C. § 1391(c)(2), Guardant is deemed to reside within the geographic area of the Northern District of Ohio.

**ANSWER:**   Defendant admits that the Court has jurisdiction over this case but states that jurisdiction cannot be conferred by admission.  Except as expressly admitted, Defendant denies the allegations in paragraph 7 of the Complaint.

8.      A substantial part of the events or omissions giving rise to Jill's claims occurred in this judicial district.

**ANSWER:**   Defendant admits that the Court has jurisdiction over this case, but denies that it engaged in any conduct giving rise to Plaintiff's claims or that jurisdiction can be conferred by admission.  Except as expressly admitted, Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER:**   Defendant admits that venue for this case is proper in this Court.

## NATURE OF THIS ACTION

10.     Jill was formerly employed by Guardant as an Account Executive responsible for sales of Guardant360, a genomic liquid biopsy.

**ANSWER:**     Defendant admits the allegations in paragraph 10 of the Complaint.

11.     Guardant terminated Jill in September 2017.

**ANSWER:**     Defendant admits the allegations in paragraph 11 of the Complaint.

12.     This action arises from a negative and false statement made by an employee of Guardant concerning Jill, after the termination of Jill's employment, and in response to an employment verification request made on behalf of a prospective new employer of Jill.

**ANSWER:**     Defendant denies that it provided a negative and false statement concerning Plaintiff in response to an employment verification.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 12 of the Complaint and, therefore, denies those allegations.

13.     The negative and false statement was unauthorized, because as part of Jill's separation from Guardant, Guardant agreed to only provide certain specified, neutral information in response to requests from third parties for employment verification.

**ANSWER:**     Defendant denies the allegations in paragraph 13 of the Complaint.

14.     In this diversity action, Jill alleges that Guardant, as a result of its negative, false and unauthorized statement, and related conduct, is liable to Jill for breach of contract; promissory estoppel.

**ANSWER:** Defendant admits that Plaintiff asserts claims for breach of contract, promissory estoppel, tortious interference with a business relationship, and defamation, but Defendant denies that it engaged in any conduct giving rise to liability for any of these claims. Except as specifically admitted, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Jill contends that Guardant is liable for her for compensatory damages under her various causes of action.

**ANSWER:** Defendant denies the allegations in paragraph 15 of the Complaint, including that Defendant is liable to Plaintiff for any damages.

16. Jill's damages arise from her foreseeable loss of the prospective employment opportunity and the foreseeable, accompanying mental anguish associated therewith.

**ANSWER:** Defendant denies the allegations in paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS

17. On or about September 15, 2016, Jill started working for Guardant as an Account Executive – Cleveland/Pittsburgh.

**ANSWER:** Defendant admits the allegations in paragraph 17 of the Complaint.

18. Jill's husband, Don, died from cancer on or about October 12, 2018.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, it denies those allegations.

19.     In or around January 2017, Jill learned that Don's cancer had advanced to the point that he was suffering from Stage 4 cancer – Metastatic Disease.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies the allegations.

20.     Also in or around January 2017, Jill shared Don's diagnosis of Stage 4 cancer – Metastatic Disease, with Alicia Madison, Guardant's District Sales Manager for the Northeast District and Jill's direct supervisor at Guardant.

**ANSWER:** Defendant admits that in January 2017, Plaintiff reported to her then supervisor Alicia Madison, Regional Oncology Director, Northeast, that Plaintiff's husband Don had prostate cancer. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, denies those allegations.

21.     In May 2017, Jill was informed that she was losing part of her sales territory in Michigan, including her largest account (the University of Michigan).

**ANSWER:** Defendant admits the allegations in paragraph 21 of the Complaint.

22.     On September 18, 2017, Guardant terminated Jill.

**ANSWER:**    Defendant admits the allegations in paragraph 22 of the Complaint.

23.    Upon information and belief, Guardant terminated Jill because Guardant determined that Jill was not able to perform the work required of an Account Executive.

**ANSWER:**    Defendant denies the allegations in paragraph 23 of the Complaint.

24.    Specifically, Jill was unable to meet her sales goals in light of her reduced sales territory and the non-viability of her remaining sales territory.

**ANSWER:**    Defendant denies the allegations in paragraph 24 of the Complaint.

25.    On October 5, 2017, at 9:50 a.m., Amelia E. Merrill, Guardant's VP, People, e-signed and e-mailed to Jill a letter dated October 2, 2017 (the "Separation Letter Agreement").  A true and complete copy of the Separation Letter Agreement is attached hereto as Exhibit 1.

**ANSWER:**    Defendant admits the allegations in paragraph 25 of the Complaint

and states that the time referenced is PDT and Exhibit 1 to Plaintiff's Complaint

(hereinafter "Separation Agreement") speaks for itself.

26.    On October 5, 2017, at 10:18 a.m., Casey Khoo, aka Casey Jenkins, Guardant's Manger, People Operations, e-signed and e-mailed to Jill a series of further related documents (collectively, the "Separation Documents"), including an Acknowledgment of Separation Documents; Notice to Employee as to Change in Relationship; and Final Paycheck Acknowledgment.  True and complete copies of the Separation Documents are attached hereto as Exhibit 2.  The Separation Letter Agreement and the Separation Documents are hereafter referred to collectively as the "Contract of Separation."

**ANSWER:**    Defendant admits that on October 5, 2017 at  at 10:18 a.m. PDT,

Casey Khoo (a.k.a. Casey Jenkins), Manger, People Operations, e-signed and e-mailed

to Plaintiff an Acknowledgment of Separation Documents; Notice to Employee as to Change in Relationship; and Final Paycheck Acknowledgment. Defendant admits that copies of these documents are attached to Plaintiff's Complaint as Exhibit 2 and state that each document speaks for itself. Except as expressly admitted, Defendant denies the allegations in paragraph 26 of the Complaint (including that the documents attached to Plaintiff's Complaint as Exhibit 2 form or are part of a contract between Plaintiff and Defendant).

27.     The Acknowledgment of Separation Documents, included as part of the Contract of Separation, states, in part, that "employee references come through the People Operations Team and *cover last employee title, date of hire and date of separation only*." (emphasis added).

**ANSWER:**     Defendant states that the document titled "Acknowledgement of Separation Documents" attached to Plaintiff's Complaint in Exhibit 2 speaks for itself. Defendant admits that Plaintiff's Complaint accurately quotes a part of the document but denies that this document is in any way related to or part of the Separation Agreement or otherwise forms a contract between Plaintiff and Defendant. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28.     The Notice to Employee as to Change in Relationship states, in part, that for "employment verification inquiries, *the Company's HR Department will only confirm your start date, your employment end date, and your annual salary as of your last day of employment*." (emphasis added).

**ANSWER:** Defendant states that the document titled "Notice to Employee as To Change In Relationship" attached to Plaintiff's Complaint in Exhibit 2 speaks for itself. Defendant admits that Plaintiff's Complaint accurately quotes a part of the document but denies that this document is in any way or related to the parties' Separation Agreement or otherwise forms a contract between Plaintiff and Defendant. Except as expressly admitted, Defendant denies the allegations in paragraph 28 of the Complaint.

29. Jill e-signed and e-mailed to Guardant the Separation Letter Agreement on October 6, 2017, at 11:24 a.m.

**ANSWER:** Defendant admits the allegations in paragraph 29 of the Complaint and states that the time referenced is PDT.

30. Jill e-signed and e-mailed to Guardant the Separation Documents, including the Acknowledgment of Separation Documents and the Notice to Employee as to Change in Relationship, on October 6, 2017, at 11:31 a.m.

**ANSWER:** Defendant admits Plaintiff e-signed and e-mailed to Guardant the Acknowledgment of Separation Documents and the Notice to Employee as to Change in Relationship, on October 6, 2017, at 11:31 a.m. PDT. Except as expressly admitted, Defendant denies the allegations in paragraph 30 of the Complaint.

31. On or about November 10, 2017, Jill applied for unemployment compensation benefits with the Ohio Department of Job and Family Services ("ODJFS").

**ANSWER:** Defendant admits the allegations of paragraph 31 of the Complaint.

32.    On or about December 4, 2017, ODJFS issued a Determination of Unemployment Compensation Benefits ("ODJFS Determination"), a true and complete copy of which is attached hereto as Exhibit 3.

**ANSWER:**    Defendant admits that ODJFS issued a Determination of Unemployment Compensation Benefits, and that Plaintiff attached a copy of that determination to her Complaint as Exhibit 3.


33.    The ODJFS Determination states that Guardant terminated Jill because she was "not able to perform the required work."

**ANSWER:**    Defendant states that the document titled "Determination of Unemployment Compensation Benefits" attached to Plaintiff's Complaint as Exhibit 3 speaks for itself.  Defendant admits that Plaintiff's Complaint accurately quotes a part of the document but denies that Defendant terminated Plaintiff because she was "not able to perform the required work." Except as expressly admitted, Defendant denies the allegations in paragraph 33 of the Complaint.


34.    The ODJFS Determination states further that Jill was "discharged without just cause."

**ANSWER:**    Defendant states that the document titled "Determination of Unemployment Compensation Benefits" attached to Plaintiff's Complaint as Exhibit 3 speaks for itself.  Defendant admits that Plaintiff's Complaint accurately quotes a part of the document but denies that Defendant discharged Plaintiff without just cause.  Except

as expressly admitted, Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Guardant did not appeal the ODJFS Determination.

**ANSWER:**    Defendant admits the allegations of paragraph 35 of the Complaint.

36.     On or about December 6, 2017, Jill received a written employment offer from Bayer U.S. LLC ("Bayer"), a true and complete copy of which is attached hereto as Exhibit 4.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, therefore, it denies those allegations.

37.     The offer from Bayer was for the position of Oncology Specialty Consultant – Cleveland, and the position would have allowed Jill to be based at her residence in Medina, OH; included a base salary of $150,000.00, plus eligibility for annual merit increases and participation in a bonus program; provided access to a company car; and included various other employment benefits, including health insurance and a 401(k) program.

**ANSWER:**    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and, therefore, denies the allegations.

38.     On or about December 8, 2017, Jill accepted Bayer's offer of employment and passed a physical and drug screening, at Bayer's request.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, therefore, denies the allegations.

39. However, Bayer's offer to Jill was contingent upon several background checks and verifications, including past employment verification.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and, therefore, denies the allegations.

40. On or about December 15, 2017, Justifacts Credential Verification, Inc. ("Justifacts") completed and transmitted to Bayer a report concerning Jill (the "Report"). A true and complete copy of the Report is attached hereto as Exhibit 5.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies the allegations.

41. The Report indicates that on December 15, 2017, Davina Patel ("Patel"), a People Operations Associate for Guardant, responded by facsimile to an inquiry from Justifacts concerning Jill's employment at Guardant.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies the allegations.

42. Patel was an employee of Guardant on December 15, 2017.

**ANSWER:** Defendant admits the allegations in paragraph 42 of the Complaint.

43.     Patel was acting within the scope of her employment with Guardant when she responded to Justifact's inquiry on December 15, 2017.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies the allegations.

44.     Patel had both actual and apparent authority to respond to Justifact's inquiry on behalf of Guardant on December 15, 2017.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and, therefore, denies the allegations.

45.     In her response to Justifacts, Patel stated that Jill "was terminated for misconduct."

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and, therefore, denies the allegations.

46.     Patel's statement on behalf of Guardant is the only adverse response in the Report, other than a single, minor, non-moving traffic violation.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, therefore, denies the allegations.

47. On December 18, 2017, Jill sent an email to Guardant asking "Did you receive a request from Justifacts to verify my dates of employment & if so, were you able to respond? This is important to complete my background check for a new job."

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, therefore, denies the allegations.

48. That same day, Gailon Jacobs, Senior Director, People, at Guardant, responded, "Hi Jill, you are all set. It was sent it [sic] last week and Aisha confirmed today. Good luck with your new role." A copy of the December 18, 2017 email exchange between Jill and Ms. Jacobs is attached hereto as Exhibit 6.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and, therefore, denies the allegations.

49. Neither Ms. Jacobs nor anyone else from Guardant informed Jill that Guardant had reported to Justifacts that Jill was "terminated for misconduct."

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, therefore, denies the allegations.

50.     On December 27, 2017, a representative of Bayer contacted Jill by telephone to inform her that Bayer might withdraw its offer because the Justifacts report indicated that Jill was terminated from Guardant for misconduct.

**ANSWER:**     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and, therefore, denies the allegations.

51.     On December 30, 2017, Jill sent an email to several Guardant employees, pointing out that Guardant's response reflected in the Justifacts Report violated the Separation Documents, and that Jill "may not be hired for this new job due to Davina [Patel] stating that I was terminated for misconduct."  A copy of Jill's December 30, 2017 email is attached hereto as Exhibit 7.

**ANSWER:**     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and, therefore, denies the allegations.

52.     Upon information and belief, no one from Guardant ever made any effort to withdraw or correct Guardant's materially false and unauthorized statement that Jill was "terminated for misconduct."

**ANSWER:**     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     On or about January 11, 2018, Jill received a letter from Bayer, stating that Bayer "is unable to extend an offer of employment to you" and that is decision was "made based in whole or in part on information received in a consumer report from Justifacts."  A copy of Bayer's January 11, 2018 letter is attached hereto as Exhibit 8.

**ANSWER:**     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, denies the allegations.

54.     Despite her continuing efforts to find new employment, Jill remains unemployed.

**ANSWER:**    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and, therefore, denies the allegations.

55.     Since December 27, 2017, the date that Jill first learned that the Justifacts report indicated incorrectly that she was terminated from Guardant for misconduct, and that she was likely to lose the opportunity at Bayer as a result, Jill has suffered from mental anguish, chest pains, anxiety and insomnia.

**ANSWER:**    Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Jill's mental anguish, chest pains, anxiety and insomnia result from the loss of her opportunity with Bayer, which would have provided both adequate income (more than $150,000.00 annually) and convenience (resident-based employment) to provide support and care for her ailing husband, Don.

**ANSWER:**    Defendant denies the allegations in paragraph 56 of the Complaint.

## COUNT I
### (Breach of Contract)

57.     Jill restates and re-avers paragraphs 1-56 above as if fully rewritten herein.

**ANSWER:**    Defendant reasserts and incorporates its answers to paragraphs 1 through 56 as its answer to paragraph 57 of the Complaint.

58.     The Contract of Separation constitutes a binding contract governing the terms of Jill's separation from Guardant.

**ANSWER:** Defendant admits the October 2, 2011 Separation Agreement attached as Exhibit 1 is a binding contract governing the terms of Plaintiff's separation. Except as expressly admitted, Defendant denies the allegations in paragraph 58 of the Complaint.

59. Jill performed all obligations required of her under the Contract of Separation.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and, therefore, denies the allegations.

60. The Contract of Separation provides explicitly that Guardant will respond to requests for references and employment verification by providing only the neutral information of Jill's employment start date; employment end date; and last employee title and/or annual salary as of last day of employment.

**ANSWER:** Defendant denies the allegations in paragraph 60 of the Complaint.

61. Guardant, by and through its employee, Patel, breached the Contract of Separation by providing a response to Justifact's employment verification request that included information beyond Jill's employment start date; employment end date; and last employee title and/or annual salary as of last day of employment.

**ANSWER:** Defendant denies the allegations in paragraph 61 of the Complaint.

62. Guardant, by and through its employee, Patel, breached the Contract of Separation by providing an adverse and negative reference regarding Jill, as opposed to a neutral reference, as specifically required of Guardant under the Contract of Separation.

**ANSWER:** Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Jill has suffered damages in excess of $75,000.00 as a direct and proximate result of Guardant's Breach of the Contract of Separation.

**ANSWER:** Defendant denies the allegations in paragraph 63 of the Complaint.

## COUNT II
### (Promissory Estoppel)

64.     Jill restates and re-avers paragraphs 1-56 above as if fully rewritten herein.

**ANSWER:** Defendant reasserts and incorporates its answers to paragraphs 1 through 63 as its answer to paragraph 64 of the Complaint.

65.     Pursuant to the Acknowledgment of Separation Documents and the Notice to Employee as to Change in Relationship, Guardant, by and through its employee, Casey Khoo, aka Casey Jenkins, made a clear and unambiguous promise to Jill that Guardant would respond to requests for references and employment verification by providing only the neutral information specified in those documents.

**ANSWER:** Defendant denies the allegations in paragraph 65 of the Complaint.

66.     It was reasonable and foreseeable that Jill would rely upon this promise from Guardant.

**ANSWER:** Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Jill did in fact rely upon Guardant's promise that it would provide only neutral information in response to Justifact's employment verification request.

**ANSWER:** Defendant denies the allegations in paragraph 67 of the Complaint.

68.     If Jill had known that Guardant would inaccurately indicate to Justifacts that Jill was terminated for misconduct, Jill would have had the opportunity to provide more context and detail to Justifacts (and Bayer) regarding the circumstances surrounding her separation from Guardant.

**ANSWER:**   Defendant denies the allegations in paragraph 68 of the Complaint.

69.     As it happened, by the time Jill learned of Guardant's materially false and unauthorized statement, the damage was beyond her ability to repair with Bayer; and Guardant failed and refused to withdraw or correct its materially false and unauthorized response, despite Jill explicitly bringing the error to the attention of Guardant's human resources department.

**ANSWER:**   Defendant denies the allegations in paragraph 69 of the Complaint.

70.     Injustice can be avoided only through the enforcement of Guardant's promise.

**ANSWER:**   Defendant denies the allegations in paragraph 70 of the Complaint.

71.     Jill has suffered damages in excess of $75,000.00 as a direct and proximate result of her reliance upon Guardant's promise, and Guardant's failure to abide by its promise.

**ANSWER:**   Defendant denies the allegations in paragraph 71 of the Complaint.

72.     Any allegation asserted in Plaintiff's Amended Complaint that is not affirmatively admitted is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff fails to state one or more claims for which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

3.     Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

5.     Plaintiff's contractual claim fails because the Separation Agreement attached to her Complaint as Exhibit 1 was a fully integrated contract and does not include any extraneous oral or written representations.

6.     Plaintiff's contractual claim fails for lack of meeting of the minds, mutual assent between Plaintiff and Defendant, and lack of consideration.

7.     Plaintiff's contractual claims are barred by the parole evidence rule.

8.     Plaintiff's promissory estoppel claim fails because the promises Plaintiff alleges were made to her, even if true (and Defendant denies that any promises were made to Plaintiff), are not sufficiently definite to be valid and/or enforceable.

9.     Plaintiff's promissory estoppel claim fails because Plaintiff did not justifiably rely to her detriment on any representation, statement, or omission by Defendant.

10.    Plaintiff's promissory estoppel claim is barred by a written agreement concerning the terms and conditions of her separation from employment.

11.    Any injuries or damages that Plaintiff allegedly sustained occurred because of her own acts or omissions, not because of any conduct by Defendant.

12.     Plaintiff's claims for damages are barred to the extent that she has failed to make reasonable efforts to mitigate her damages, if any.

13.     Plaintiff's state law claims for damages are subject to the provisions of the Ohio Tort Reform Act, O.R.C. §2315.18 et seq., including but not limited to the provision regarding bifurcation of her punitive damages claim and evidence regarding alleged punitive damages.

14.     Because the Complaint is couched in numerous conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.   Accordingly, Defendant reserves the right to assert additional affirmative defenses applicable to Plaintiff's claims.

15.     Plaintiff's request for a jury trial should be denied with regard to Plaintiff's claims for equitable relief.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWERS AND DEFENSES

WHEREFORE, Defendant requests that judgment be granted in its favor and against Plaintiff in the following manner:

1.     That Plaintiff's Complaint be dismissed in its entirety;

2.     That Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action;

3.     That Defendant be awarded such other relief as the Court may deem appropriate.

Respectfully submitted,


*/s/ Amy Ryder Wentz*
Amy Ryder Wentz (0081517)
Shannon M. Byrne (0088182)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
awentz@littler.com
sbyrne@littler.com

Attorneys for Defendant
GUARDANT HEALTH, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, a copy of the foregoing *Defendant's Answer to Plaintiff's Amended Complaint* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


*/s/ Amy Ryder Wentz*
Amy Ryder Wentz (0081517)
Attorney for Defendant
GUARDANT HEALTH, INC.


FIRMWIDE:162340327.1 098177.1001