## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JILL M. BECKMAN,

        Plaintiff,

        v.

GUARDANT HEALTH, INC.,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:18-cv-00985-DCN

Judge Donald C. Nugent

## DECLARATION OF AMELIA MERRILL

I, Amelia Merrill, declare that I am competent to testify to the following facts based upon personal knowledge and that these facts are true and correct:

1.     I am employed by Guardant Health, Inc. Since May 2017, I have held the position of Vice President of People Operations. In this position, I plan, organize and manage the overall human resources functions for the Company, including the administration of human resources policies and procedures. I am personally familiar with Guardant's human resources policies and procedures, and I have access to some business and corporate records of Guardant.

2.     Guardant terminated Jill Beckman effective October 2, 2017 for misconduct. The Company notified Ms. Beckman by phone about her termination on September 18, 2017 and later provided her with written notice on September 20, 2017. On September 20, the Company provided Ms. Beckman two weeks' notice and a draft separation agreement for her consideration. I signed Ms. Beckman's Letter of

Termination. A true and accurate copy of the Letter of Termination and draft separation agreement provided to Ms. Beckman on September 20, 2017 is attached as Exhibit A. The last page of Exhibit A is an Adobe Sign Document History, which accurately reflects this document was created on September 19, 2017, emailed to me on September 19, reviewed by me on September 19, signed by me on September 20, 2017, and emailed to me, Ms. Beckman, and Ms. Jenkins on September 20.

3. I did not offer a neutral employment verification as a term of the separation agreement sent to Ms. Beckman. Ms. Beckman did not propose to me, or to my knowledge any other management-level employee, any modifications to the proposed separation agreement, including no proposal to include a neutral employment verification obligation for Guardant.

4. On October 5, 2017, I re-reviewed the separation agreement for Ms. Beckman and signed it on behalf of the Company. I sent the agreement to now former Guardant People Operations Manager Casey (Khoo) Jenkins to email to Ms. Beckman for her consideration and signature. Ms. Jenkins emailed Ms. Beckman a copy of the separation agreement on October 5, 2017. Attached as Exhibit B is a true and accurate copy of the separation agreement Ms. Jenkins emailed Ms. Beckman on my behalf. The last page of Exhibit B is an Adobe Sign Document History, which accurately reflects this document was created on October 5, 2017, emailed to me on October 5, reviewed and signed by me on October 5, emailed to Ms. Beckman on October 5, reviewed by Ms. Beckman on October 5, electronically signed by Ms. Beckman on October 6, 2017, and emailed to me, Ms. Beckman, and Ms. Jenkins on October 6.

5. As a Vice President of Guardant, I have the authority to bind the Company to certain contractual obligations, including obligations in separation agreements such as the agreement with Ms. Beckman (Exhibit B).

6. Guardant provides standard separation documents to all of its employees at the time of their termination, regardless of the reason for their separation, whether the separation was voluntary or involuntary, and regardless of whether the employee is offered or signs a separation agreement. The standard separation documents consist of an Acknowledgment of Separation Documents, Notice to Employee as to Change in Relationship, Final Paycheck Acknowledgment, and an acknowledgment that company property has been returned.

7. The standard separation documents are listed in Guardant's standard termination checklist. This checklist applies to the separation of all employees, regardless of the reason for their separation or whether they were offered or signed a settlement agreement. A true and accurate copy of the termination checklist is attached as Exhibit C.

8. Ms. Jenkins emailed Ms. Beckman with the standard separation documents on October 5, 2017. Ms. Beckman acknowledged the documents with an electronic signature and returned them to Guardant on October 6, 2017. A true and accurate copy of these separation documents is attached as Exhibit D. The last page of Exhibit D is an Adobe Sign Document History, which accurately reflects that this document was created on October 5, 2017, signed by Ms. Jenkins on October 5, emailed to Ms. Beckman on October 5, reviewed by Ms. Beckman on October 5, signed by Ms.

Beckman on October 6, 2017, and emailed to me, Ms. Beckman, and Ms. Jenkins on October 6.

9.   In her role as a people operations manager, Ms. Jenkins had the authority to sign correspondence to employees on behalf of Guardant, such as Acknowledgement of Separation Documents and Notice to Employee as to Change in Relationship.  Ms. Jenkins did not have the authority to bind Guardant to any contractual obligations.

10.  Guardant provided Ms. Beckman with the separation payment set forth in the separation agreement because Ms. Beckman executed the separation agreement. If Ms. Beckman had not signed the standard separation documents, she would have still received the separation payment because she signed the separation agreement.

10.  Guardant's policy regarding employment verifications for former employees is to limit responses to verification requests to the dates of employment, the employee's salary or wage at the time of termination, and the employee's last title. Non-management employees in the Company's people operations department (the human resources department) respond to requests for employment verifications.

11.  Davina Patel is a former people operations associate in Guardant's people operations department.  She was a non-management employee throughout her employment with Guardant.

12   Guardant did not respond to the Ohio Department of Job and Family Services' inquiry about the reason for Plaintiff's termination.

4

I declare under penalty of perjury under the laws of the United States of America and the State of Ohio that the foregoing is true and correct. Executed this 3 day of May, 2019.

_Amelia Merrill_

Amelia Merrill



EXHIBIT A

September 18, 2017

Attn: Jill Beckman
6900 Spencer Lake Road
Medina, OH 44256

Private & Confidential – Letter of Termination

Dear Jill:

I regret to inform you that your employment with Guardant Health will be terminating effective October 2, 2017, for violation of your final written warning and in accordance with our company's at-will employment policy, which permits either the Company or you to terminate your employment at any time, with or without reason and with or without notice.

From September 18, 2017 to October 2, 2017 you will be working to transition your clients over to Alicia Madison. However, we do not expect you to actively be working your accounts. On October 2, 2017, you will receive your final paycheck for all accrued PTO and wages owed to you, less applicable taxes. Any commission owed to you will be paid separately once calculated around the 15th of the following month. You will also be receiving a Separation Agreement, which you will need to review and sign should you choose to accept the terms of the separation agreement.

At this time, I would like to remind you of your obligations under the Confidentiality Agreement, which you signed on September 8,2016. Should you violate your obligations relating to confidentiality the Company may terminate you immediately and you will not be eligible to the severance package.

We wish you well in your future endeavors. Should you have any questions please do not hesitate to reach out to the People Team directly by emailing peopleteam@guardanthealth.com

Sincerely yours,

*Amelia E Merrill*
Amelia E Merrill (Sep 20, 2017)

Amelia Merrill

Title: VP, People

Date: Sep 20, 2017

Confidential

October 2, 2017

Jill Beckman
6900 Spencer Lake Road
Medina, OH 44256

RE:     TERMS OF SEPARATION

Dear Jill:

    This letter confirms the agreement between you and Guardant Health (the "Company") concerning the terms of your separation and offers you the separation compensation we discussed in exchange for a release of claims.

    1.     **Separation Date:**  As you know, September 18, 2017 was your last day in your role as Account Executive at which time you began to transition your role over to Alicia Madison. Your employment with the Company will cease effective October 2, 2017 after the transition period.

    2.     **Acknowledgment of Payment of Wages:**  On October 2, 2017 you will receive your final paycheck in the amount of $TBD for all wages, salary, reimbursable expenses, accrued vacation and any similar payments due you from the Company as of the Separation Date.

    3.     **Separation Compensation:**  In exchange for your agreement to the waiver of claims set forth in paragraph 6, below, the Company agrees to: (a) pay you a total of 4 weeks base pay less applicable state and federal payroll deductions and withholdings; (b) reimburse any premium payments you make to continue your existing health insurance coverage under COBRA for up to 1 month. By signing below, you acknowledge that you are receiving the separation compensation outlined in this paragraph in consideration for waiving your rights to claims referred to in this agreement and that you would not otherwise be entitled to the separation compensation.

    4.     **Return of Company Property:**  You hereby warrant to the Company that you have returned to the Company all property or data of the Company of any type whatsoever that has been in your possession or control.

    5.     **Confidential Information:**  You hereby acknowledge that you are bound by the attached agreement dated September 8, 2016, and that as a result of your employment with the Company you have had access to the Company's Proprietary Information (as defined in the agreement), that you will hold all Proprietary Information in strictest confidence and that you will not make use of such Proprietary

Confidential

# GUARDANT HEALTH

Information on behalf of anyone. You further confirm that you have delivered to the Company all documents and data of any nature containing or pertaining to such Proprietary Information and that you have not taken with you any such documents or data or any reproduction thereof.

6.   **Waiver of Claims:**  The payments and promises set forth in this agreement are in full satisfaction of all accrued salary, vacation pay, bonus pay, profit-sharing, stock options, termination benefits or other compensation to which you may be entitled by virtue of your employment with the Company or your separation from the Company.  You hereby release and waive any other claims you may have against the Company and its owners, agents, officers, shareholders, employees, directors, attorneys, subscribers, subsidiaries, affiliates, successors and assigns (collectively "Releasees"), whether known or not known, including, without limitation, claims under any employment laws, including, but not limited to, claims of unlawful discharge, breach of contract, breach of the covenant of good faith and fair dealing, fraud, violation of public policy, defamation, physical injury, emotional distress, claims for additional compensation or benefits arising out of your employment or your separation of employment, claims under Title VII of the 1964 Civil Rights Act, as amended, Maryland State Government Article 20-602, et seq., and any other laws and/or regulations relating to employment or employment discrimination, including, without limitation, claims based on age or under the Age Discrimination in Employment Act or Older Workers Benefit Protection Act. By signing below, you expressly waive any benefits of Section 1542 of the Civil Code of the State of California (and/or any other state or Federal provision of similar effect), which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, this waiver and release of claims does not extend to any rights, which as a matter of law cannot be waived and released.

7.   **Nondisparagement:**  You agree that you will not disparage Releasees or their products, services, agents, representatives, directors, officers, shareholders, attorneys, employees, vendors, affiliates, successors or assigns, or any person acting by, through, under or in concert with any of them, with any written or oral statement.

8.   **Legal and Equitable Remedies:**  You agree that Releasees have the right to enforce this agreement and any of its provisions by injunction, specific performance or other equitable relief without prejudice to any other rights or remedies Releasees may have at law or in equity for breach of this agreement.

9.   **Attorneys' Fees:**  If any action is brought to enforce the terms of this agreement, the prevailing party will be entitled to recover its reasonable attorneys' fees, costs and expenses from the other party, in addition to any other relief to which the prevailing party may be entitled.

Confidential

10.    **Confidentiality:**  The contents, terms and conditions of this agreement must be kept confidential by you and may not be disclosed except to your accountant or attorneys or immediate family or pursuant to subpoena or court order.   You agree that if you are asked for information concerning this agreement, you will state only that you and the Company reached an amicable resolution of any disputes concerning your separation from the Company.   Any breach of this confidentiality provision shall be deemed a material breach of this agreement.

11.    **No Admission of Liability:**   This agreement is not and shall not be construed or contended by you to be an admission or evidence of any wrongdoing or liability on the part of Releasees, their representatives, heirs, executors, attorneys, agents, partners, officers, shareholders, directors, employees, subsidiaries, affiliates, divisions, successors or assigns. This agreement shall be afforded the maximum protection allowable under Federal Rules of Evidence Rule 408, Maryland Rules of Evidence Rule 5-408, and/or any other state or Federal provisions of similar effect.

12.    **Entire Agreement:**  This agreement constitutes the entire agreement between you and Releasees with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral, relating to such subject matter other than the confidentiality agreement referred to in paragraph 5, above. You acknowledge that neither Releasees nor their agents or attorneys have made any promise, representation or warranty whatsoever, either express or implied, written or oral, which is not contained in this agreement for the purpose of inducing you to execute the agreement, and you acknowledge that you have executed this agreement in reliance only upon such promises, representations and warranties as are contained herein.

13.    **Modification:**  It is expressly agreed that this agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement that specifically refers to this agreement, executed by authorized representatives of each of the parties to this agreement.



14.  **Review of Separation Agreement:** You understand that you may take up to twenty-one (21) days to consider this agreement and, by signing below, affirm that you were advised to consult with an attorney prior to signing this agreement. You also understand you may revoke this agreement within seven (7) days of signing this document and that the separation compensation to be provided to you pursuant to Paragraph 3 will be provided only after the end of that seven (7) day revocation period.

If you agree to abide by the terms outlined in this letter, please sign this letter below and also sign the attached copy and return it to me. I wish you the best in your future endeavors.

Sincerely,

Guardant Health

By: _____
Amelia Merrill
VP, People

READ, UNDERSTOOD AND AGREED:

**Signature:**_____   **Date:**_____
Jill Beckman

Confidential



# Employee Separation
# Letter and Draft Separation
# Agreement

Adobe Sign Document History                    09/20/2017

| | |
|---|---|
| Created: | 09/19/2017 |
| By: | Casey Khoo (ckhoo@guardanthealth.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAdVmA5rNKgZ0cbunKPubVjKyjyr0Xt6zc |

# "Employee Separation Letter and Draft Separation Agreement" History

Document created by Casey Khoo (ckhoo@guardanthealth.com)
09/19/2017 - 8:26:23 PM PDT- IP address: 75.40.18.75

Document emailed to Amelia E Merrill (amerrill@guardanthealth.com) for signature
09/19/2017 - 8:27:21 PM PDT

Document viewed by Amelia E Merrill (amerrill@guardanthealth.com)
09/19/2017 - 8:54:36 PM PDT- IP address: 107.77.213.232

Document e-signed by Amelia E Merrill (amerrill@guardanthealth.com)
Signature Date: 09/20/2017 - 6:22:50 AM PDT - Time Source: server- IP address: 71.95.133.201

Signed document emailed to Amelia E Merrill (amerrill@guardanthealth.com), jillbeckman1123@gmail.com,
Casey Khoo (ckhoo@guardanthealth.com), and peopleteam@guardanthealth.com
09/20/2017 - 6:22:50 AM PDT


Adobe Sign

Confidential

# EXHIBIT B

# GUARDANT HEALTH

October 2, 2017

Jill Beckman
6900 Spencer Lake Road
Medina, OH 44256

RE:     TERMS OF SEPARATION

Dear Jill:

This letter confirms the agreement between you and Guardant Health (the "Company") concerning the terms of your separation and offers you the separation compensation we discussed in exchange for a release of claims.

1.     **Separation Date:**  As you know, September 18, 2017 was your last day in your role as Account Executive at which time you began to transition your role over to Alicia Madison. Your employment with the Company will cease effective October 2, 2017 after the transition period.

2.     **Acknowledgment of Payment of Wages:**  On October 2, 2017 you will receive your final paycheck in the amount of $TBD for all wages, salary, reimbursable expenses, accrued vacation and any similar payments due you from the Company as of the Separation Date.

3.     **Separation Compensation:**  In exchange for your agreement to the waiver of claims set forth in paragraph 6, below, the Company agrees to: (a) pay you a total of 4 weeks base pay less applicable state and federal payroll deductions and withholdings; (b) reimburse any premium payments you make to continue your existing health insurance coverage under COBRA for up to 1 month. By signing below, you acknowledge that you are receiving the separation compensation outlined in this paragraph in consideration for waiving your rights to claims referred to in this agreement and that you would not otherwise be entitled to the separation compensation.

4.     **Return of Company Property:**  You hereby warrant to the Company that you have returned to the Company all property or data of the Company of any type whatsoever that has been in your possession or control.

5.     **Confidential Information:**  You hereby acknowledge that you are bound by the attached agreement dated September 8, 2016, and that as a result of your employment with the Company you have had access to the Company's Proprietary Information (as defined in the agreement), that you will hold all Proprietary Information in strictest confidence and that you will not make use of such Proprietary

BECKMAN 000210

Information on behalf of anyone. You further confirm that you have delivered to the Company all documents and data of any nature containing or pertaining to such Proprietary Information and that you have not taken with you any such documents or data or any reproduction thereof.

6. **Waiver of Claims:** The payments and promises set forth in this agreement are in full satisfaction of all accrued salary, vacation pay, bonus pay, profit-sharing, stock options, termination benefits or other compensation to which you may be entitled by virtue of your employment with the Company or your separation from the Company. You hereby release and waive any other claims you may have against the Company and its owners, agents, officers, shareholders, employees, directors, attorneys, subscribers, subsidiaries, affiliates, successors and assigns (collectively "Releasees"), whether known or not known, including, without limitation, claims under any employment laws, including, but not limited to, claims of unlawful discharge, breach of contract, breach of the covenant of good faith and fair dealing, fraud, violation of public policy, defamation, physical injury, emotional distress, claims for additional compensation or benefits arising out of your employment or your separation of employment, claims under Title VII of the 1964 Civil Rights Act, as amended, Maryland State Government Article 20-602, et seq., and any other laws and/or regulations relating to employment or employment discrimination, including, without limitation, claims based on age or under the Age Discrimination in Employment Act or Older Workers Benefit Protection Act. By signing below, you expressly waive any benefits of Section 1542 of the Civil Code of the State of California (and/or any other state or Federal provision of similar effect), which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, this waiver and release of claims does not extend to any rights, which as a matter of law cannot be waived and released.

7. **Nondisparagement**: You agree that you will not disparage Releasees or their products, services, agents, representatives, directors, officers, shareholders, attorneys, employees, vendors, affiliates, successors or assigns, or any person acting by, through, under or in concert with any of them, with any written or oral statement.

8. **Legal and Equitable Remedies:** You agree that Releasees have the right to enforce this agreement and any of its provisions by injunction, specific performance or other equitable relief without prejudice to any other rights or remedies Releasees may have at law or in equity for breach of this agreement.

9. **Attorneys' Fees:** If any action is brought to enforce the terms of this agreement, the prevailing party will be entitled to recover its reasonable attorneys' fees, costs and expenses from the other party, in addition to any other relief to which the prevailing party may be entitled.

BECKMAN 000211

10. **Confidentiality:** The contents, terms and conditions of this agreement must be kept confidential by you and may not be disclosed except to your accountant or attorneys or immediate family or pursuant to subpoena or court order. You agree that if you are asked for information concerning this agreement, you will state only that you and the Company reached an amicable resolution of any disputes concerning your separation from the Company. Any breach of this confidentiality provision shall be deemed a material breach of this agreement.

11. **No Admission of Liability:** This agreement is not and shall not be construed or contended by you to be an admission or evidence of any wrongdoing or liability on the part of Releasees, their representatives, heirs, executors, attorneys, agents, partners, officers, shareholders, directors, employees, subsidiaries, affiliates, divisions, successors or assigns. This agreement shall be afforded the maximum protection allowable under Federal Rules of Evidence Rule 408, Maryland Rules of Evidence Rule 5-408, and/or any other state or Federal provisions of similar effect.

12. **Entire Agreement:** This agreement constitutes the entire agreement between you and Releasees with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral, relating to such subject matter other than the confidentiality agreement referred to in paragraph 5, above. You acknowledge that neither Releasees nor their agents or attorneys have made any promise, representation or warranty whatsoever, either express or implied, written or oral, which is not contained in this agreement for the purpose of inducing you to execute the agreement, and you acknowledge that you have executed this agreement in reliance only upon such promises, representations and warranties as are contained herein.

13. **Modification:** It is expressly agreed that this agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement that specifically refers to this agreement, executed by authorized representatives of each of the parties to this agreement.

BECKMAN 000212

# GUARDANT HEALTH

14. **Review of Separation Agreement**: You understand that you may take up to twenty-one (21) days to consider this agreement and, by signing below, affirm that you were advised to consult with an attorney prior to signing this agreement. You also understand you may revoke this agreement within seven (7) days of signing this document and that the separation compensation to be provided to you pursuant to Paragraph 3 will be provided only after the end of that seven (7) day revocation period.

If you agree to abide by the terms outlined in this letter, please sign this letter below and also sign the attached copy and return it to me. I wish you the best in your future endeavors.

Sincerely,

Guardant Health

By: *Amelia E Merrill*
    Amelia E Merrill (Oct 5, 2017)

Amelia Merrill
VP, People

READ, UNDERSTOOD AND AGREED:

Signature: *Jill Beckman*
           Jill Beckman (Oct 6, 2017)

Jill Beckman

Date: Oct 6, 2017

BECKMAN 000213

# Separation Agreement

Adobe Sign Document History  10/06/2017

| | |
|---|---|
| Created: | 10/05/2017 |
| By: | Casey Khoo (ckhoo@guardanthealth.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZzd2dysP81IoUccU_eJzdB7tSK-JbS_J |

## "Separation Agreement" History

Document created by Casey Khoo (ckhoo@guardanthealth.com)
10/05/2017 - 9:47:15 AM PDT- IP address: 75.40.18.75

Document emailed to Amelia E Merrill (amerrill@guardanthealth.com) for signature
10/05/2017 - 9:48:04 AM PDT

Document viewed by Amelia E Merrill (amerrill@guardanthealth.com)
10/05/2017 - 9:50:01 AM PDT- IP address: 50.233.156.2

Document e-signed by Amelia E Merrill (amerrill@guardanthealth.com)
Signature Date: 10/05/2017 - 9:50:42 AM PDT - Time Source: server- IP address: 50.233.156.2

Document emailed to Jill Beckman (jillbeckman1123@gmail.com) for signature
10/05/2017 - 9:50:43 AM PDT

Document viewed by Jill Beckman (jillbeckman1123@gmail.com)
10/05/2017 - 10:30:09 AM PDT- IP address: 107.77.192.167

Document e-signed by Jill Beckman (jillbeckman1123@gmail.com)
Signature Date: 10/06/2017 - 11:24:59 AM PDT - Time Source: server- IP address: 107.9.182.107

Signed document emailed to Amelia E Merrill (amerrill@guardanthealth.com), Jill Beckman (jillbeckman1123@gmail.com) and Casey Khoo (ckhoo@guardanthealth.com)
10/06/2017 - 11:24:59 AM PDT

 Adobe Sign

BECKMAN 000214

# EXHIBIT C

# Termination Checklist

EMPLOYEE NAME

**Employee Name**

EMPLOYEE TITLE

**Employee Title, Department**

MANAGER NAME

**Manager's Name**

**Would you re-employ this person**

☐ **Yes**

☐ **No**

INSERT DATE

**Termination Date**

INSERT DATE

**Last day worked**

## 1. Company Property Returned

☐ Company Security Swipe Pass

☐ Building Keys (if applicable)

☐ Desk Keys

☐ Company Files

☐ Customer Lists/Details

☐ Vendor Lists/Details

☐ Unused Business Cards

☐ Office Supplies

☐ Desktop Computer

☐ Laptop & Charger

☐ Cell Phone & charger (if applicable)

☐ Company Credit Card (if applicable)

## 2. Manager Actions

☐ Notify People Operations, Payroll and IT as soon as you receive letter of resignation or intend to terminate an employee and provide the required departments with proposed departure date.

☐ Collect all company property including IT Equipment and notify both IT and Payroll once all company property has been returned.

☐ Conduct a thorough handover with the departing employee in order to minimize tacit knowledge loss

☐ Update vendors if terminated employee had purchasing authority or signatory authority

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

## 3. People Operations

- ☐ Ensure terminated employee has received all required forms and information
- ☐ Conduct exit interview and or send exit interview email link
- ☐ Deactivate terminated employee from all benefits systems and HRIS after final wage payment
- ☐ Ensure terminated employee signs the acknowledgement of receipt of separation forms
- ☐ Ensure the company has been provided with the terminated employee's forwarding details

## 4. Payroll Actions

- ☐ Calculate PTO pay based on accrued PTO
- ☐ Calculate and process final wage payment (to be paid on last date of employment) once employee has returned all company property
- ☐ Deactivate terminated employee in all Payroll systems
- ☐ Archive employee's personnel file

## 5. IT Actions

- ☐ Deactivate terminated employee's computer access
- ☐ Deactivate terminated employee's security swipe pass
- ☐ Forward terminated employee's email to manager (if requested)
- ☐ Forward desk phone to manager (if required)

## 6. Termination Documents

| Document | Date Given | Date Rec'd | Date Sent |
|---|---|---|---|
| ☐ COBRA-California Notice to Carrier | | | |
| ☐ COBRA Continuation Coverage Information | | | |
| ☐ Final Wages Payment (to be paid immediately upon termination) | | | |

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

GH 000695

| | | | |
|---|---|---|---|
| ☐ Health Insurance Premium Program **(HIPP)** Notice | | | |
| ☐ CA Programs for the Unemployed **(For your Benefit) Pamphlet** | | | |
| ☐ Notice to Employee as to **(Change of Status)** | | | |
| ☐ Health Insurance Portability and Accountability Act **(HIPAA) Certificate** | | | |
| ☐ 401k forms/info provided (if applicable) | | | |
| ☐ Acknowledgment of Receipt of Termination Documents and forwarding details | | | |

Received by People Operations: _____    Date: _____

Received by Payroll: _____    Date: _____

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

GH 000696



EXHIBIT D



**From:** Adobe Sign <echosign@echosign.com>
**Sent:** Friday, October 6, 2017 11:31 AM
**To:** Casey Jenkins; Jill Beckman
**Subject:** Separation Documents between Casey Khoo, Casey Khoo and Jill Beckman is Signed and Filed!

 Adobe Sign

## Separation Documents between Casey Khoo, Casey Khoo and Jill Beckman is Signed and Filed!

To: Casey Khoo and Jill Beckman

Attached is a final copy of **Separation Documents**. Copies have been automatically sent to all parties to the agreement.

You can view **the document** in your Adobe Sign account.

Why use Adobe Sign?

•      Exchange, Sign, and File Any Document. In Seconds!

•      Set-up Reminders. Instantly Share Copies with Others.

•      See All of Your Documents, Anytime, Anywhere.

To ensure that you continue receiving our emails, please add echosign@echosign.com to your address book or safe list.

GH 000017

**GUARDANT**HEALTH®

# Acknowledgement of Separation Documents

I **Jill Beckman,** acknowledge that I have received the below forms and information upon my departure from Guardant Health. Your last day with Guardant Health will be October 03, 2017. I understand that employee references come through the People Operations Team and cover last employee title, date of hire and date of separation only. Should I have any questions I am to contact the People Operations Team.

Information regarding COBRA will be mailed directly to your home address from our carrier Infinisource. Should you not receive it within 14 business days please contact Casey Jenkins—Manager, People Operations via email on cjenkins@guardanthealth.com. Please note that your 401k contributions will remain with Vanguard unless you wish to roll them over. You will need to contact vanguard directly to do this. (if applicable). Please also note you will have 30 days from date of separation to exercise any vested shares, should you wish to do so please contact Michael Wiley directly via email mwiley@guardanthealth.com . (If applicable)

My forwarding personal details are as follows:

**Mailing Address:** 6900 Spencer Lake Road  Medina, OH  44256
**Mailing Address:** Same as above
**Personal Email:** jillbeckman1123@gmail.com
**Phone Number**: 330-242-3773

I acknowledge that I have received my final wage payment for all hours worked including any accrued PTO (if applicable) along with my notice to Employee as to Change in Employment Relationship.

Jill Beckman

**Print Name - Employee**

Oct 6, 2017

**Date**

*Jill Beckman*
Jill Beckman (Oct 6, 2017)

**Signature – Employee**

Casey Jenkins

**Print Name – People Operations**

*Casey Khoo*

**Signature – People Operations**

GUARDANTHEALTH | 505 Penobscot Drive, Redwood City, CA 94063 USA | 855.698.8887 *client services* | 888.974.4258 *fax* | www.guardanthealth.com

GH 000018

# NOTICE TO EMPLOYEE AS TO CHANGE IN RELATIONSHIP
## Guardant Health Inc.

**NAME:** Jill Beckman          **Social Security #** ▓▓▓▓▓▓▓▓

Your employment status has changed for the following reason:

Terminated due to violating a first and final written warning.

EFFECTIVE DATE:  October 03, 2017

COMMENTS:  For employment verification enquiries, the Company's HR Department will only confirm your start date, your employment end date, and your annual salary as of your last day of employment.

_____

*Casey Khoo*
_____          Oct 5, 2017
Casey Jenkins                          _____
Manager, People Operations             DATE

                                       Oct 6, 2017
I received a copy of this notice on:  _____
                                       DATE

*Jill Beckman*
Jill Beckman (Oct 6, 2017)
_____
**Jill Beckman**


**GUARDANT**HEALTH

---

## Final Paycheck Acknowledgment

---

I, the undersigned recipient, have received the following paycheck(s) from
**Guardant Health Inc.**

1. Allowance Check for wages, payment in full for all hours owed up to and including, October 03, 2017, which includes all accrued PTO less all applicable taxes. Net payment is **$3,844.74**

INITIAL: _JB_

To the best of my knowledge, there is no additional money owed to me by Guardant Health Inc. at the present time.

INITIAL: _JB_

**Name of Recipient: Jill Beckman**

Signature of Recipient _Jill Beckman_
Jill Beckman (Oct 6, 2017)

Date _Oct 6, 2017_

Name and title of People Operations: <u>Casey Jenkins, Manager People Operations</u>

Signature of People Operations _Casey Khoo_

Date _Oct 5, 2017_

GUARDANT HEALTH INC.

EXHIBIT C
GUARDANT HEALTH, INC.
TERMINATION CERTIFICATION

This is to certify that I do not have in my possession, nor have I failed to return, any devices, records, data, notes, reports, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to Guardant Health, Inc. (the "Company").

I further certify that I have complied with all the terms of the Company's Confidential Information and Invention Assignment Agreement signed by me, including the reporting of any inventions and original works of authorship (as defined therein) conceived or made by me (solely or jointly with others) covered by that agreement.

I further agree that, in compliance with the Confidential Information and Invention Assignment Agreement, I will preserve as confidential all trade secrets, confidential knowledge, data and other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs, data bases, other original works of authorship, customer lists, business plans, financial information and other subject matter pertaining to any business of the Company or any of its clients, consultants or licensees.

Date: Oct 6, 2017

_Jill Beckman_
Jill Beckman (Oct 6, 2017)
Employee's Signature

Jill Beckman
Type/Print Employee's Name

–9–

GH 000021

# Separation Documents

## Adobe Sign Document History        10/06/2017

| | |
|---|---|
| Created: | 10/05/2017 |
| By: | Casey Khoo (ckhoo@guardanthealth.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFam4ZhLA8IKS4IMHBQsAUE-3LbPMIS5G |

# "Separation Documents" History

📄 Document created by Casey Khoo (ckhoo@guardanthealth.com)
10/05/2017 - 10:15:17 AM PDT- IP address: 75.40.18.75

✍ Document e-signed by Casey Khoo (ckhoo@guardanthealth.com)
Signature Date: 10/05/2017 - 10:18:39 AM PDT - Time Source: server- IP address: 75.40.18.75

✉ Document emailed to Jill Beckman (jillbeckman1123@gmail.com) for signature
10/05/2017 - 10:18:39 AM PDT

📄 Document viewed by Jill Beckman (jillbeckman1123@gmail.com)
10/05/2017 - 10:30:35 AM PDT- IP address: 107.77.192.167

✍ Document e-signed by Jill Beckman (jillbeckman1123@gmail.com)
Signature Date: 10/06/2017 - 11:31:47 AM PDT - Time Source: server- IP address: 107.9.182.107

✓ Signed document emailed to Casey Khoo (ckhoo@guardanthealth.com) and Jill Beckman (jillbeckman1123@gmail.com)
10/06/2017 - 11:31:47 AM PDT


Adobe Sign