**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JILL M. BECKMAN, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:18 CV 985 |
| | ) | |
| v. | ) | CIVIL JURY TRIAL ORDER |
| | ) | |
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Defendants. | ) | |

The above-titled case is scheduled for trial on **October 8, 2019 at 8:30 a.m.** in Courtroom 15A, or as soon thereafter as reached. A Final Pretrial Conference will be scheduled upon request of any party at any time convenient to all parties. Pursuant to Local Rule 16.3(e), the parties and lead counsel of record must be present at the Final Pretrial Conference. Lead counsel of record shall submit a status report five (5) days prior to the Final Pretrial Conference.[1]

**Duty of Counsel**

Pursuant to this Trial Order, it is the duty of counsel to confer with each other frequently in order to prepare the case for trial. It will be necessary to confer in person on occasion. If an attorney is not complying with the requirements of this Trial Order, or is failing to cooperate with

---

[1] Parties are instructed to comply with Rule 6 of the Federal Rules of Civil Procedure when computing any period of time prescribed in this Order.

opposing counsel, opposing counsel shall <u>immediately</u> bring such matter to the Court's attention by written notification. Such disputes <u>will not</u> delay the trial of this case. The Court will not hesitate to impose sanctions <u>sua sponte</u>.

All counsel are required to be familiar with the Local Rules of this Court.

**<u>Trial Briefs</u>**

Each party is required to file a trial brief with the Court no later than five (5) days prior to the scheduled trial date. One (1) copy of each party's trial brief shall be filed with the Court. A trial brief shall include: (a) a statement of the facts; (b) a discussion of the controlling law; (c) a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness; (d) an index of all proposed exhibits containing a brief description of each exhibit; (e) a discussion of any evidentiary issues likely to arise at trial; (f) any proposed voir dire questions; and, (g) proposed jury instructions.

A witness not listed in the trial brief shall not testify at trial except under extraordinary circumstances. This rule applies to lay witnesses as well as to expert witnesses. An exhibit not listed in the trial brief shall not be introduced at trial, absent a showing of good cause.

Counsel are required to exchange trial briefs no later than five (5) days prior to the scheduled trial date.

**<u>Proposed Voir Dire Questions</u>**

Pursuant to Local Rule 47.3, the Court shall conduct the initial examination of all prospective jurors touching upon their qualifications to serve as jurors in the pending proceeding.

Proposed voir dire questions included in the trial brief may be included in the Court's examination, subject to the Court's discretion. In all trials, counsel for the plaintiff and counsel for the defendant each may be allowed such period of time, as approved by the Court, to conduct voir dire examinations of prospective jurors. In cases involving more than one plaintiff and/or more than one defendant, the time for voir dire shall be divided by counsel for the parties, and additional time shall not be allowed, except where otherwise permitted by the Court. The jurors shall be examined collectively. All proposed voir dire questions must be relevant to the facts and issues involved in the particular case. Parties may discuss the voir dire process with the Court and suggest a format that would be agreeable among all parties and the Court.

**<u>Proposed Jury Instructions</u>**

Counsel for the parties are <u>required</u> to confer with one another in person with respect to proposed jury instructions, with a view to reaching an agreement on instructions to be requested.

The instructions agreed upon by all counsel shall be identified. Disputed instructions shall also be identified, along with separate citations to legal authority for each instruction.

No proposed jury instruction will be considered by the Court unless it has been submitted in compliance with these provisions, except that requests for instructions <u>that could not reasonably</u> have been anticipated may be submitted at least twenty-four (24) hours before final argument.

Counsel shall also provide the agreed-upon jury instructions to the Court by email. The jury instructions should be sent to BetsyAnn_Breese@ohnd.uscourts.gov, unless otherwise indicated by chambers.

**Exhibits**

One (1) copy of each exhibit shall be furnished to the Court no later than two (2) days before the scheduled trial date. There is no need to file the exhibits with the Clerk of Court. Rather, exhibits may be delivered directly to the Judge's chambers. The original exhibits should be retained by counsel for use at trial. Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) days before the scheduled trial date.

Exhibits shall be marked <u>before trial</u> with exhibit stickers, which are available from the Clerk's office upon request. The plaintiff shall mark exhibits with numbers and the defendant shall mark exhibits with letters. Both sides are to indicate the case number on the bottom portion of the exhibit sticker. If there are multiple parties, the parties last name should precede the number or letter (e.g., "McGinty-1" or "Briggs-A"). If the parties have a joint exhibit, it shall be marked as "Jt. Ex . 1" or " Jt. Ex. 2" etc. If the defendant has more than twenty-six (26) exhibits, double letters shall be used (e.g., AA, BB, CC, etc.).

When a multi-page exhibit is used, each page of the exhibit must be separately numbered. For example, if plaintiff's exhibit one is a three-page document, the first page should be marked "1-1", the second page should be marked "1-2", and the third page should be marked "1-3".

The Court recommends that counsel place all exhibits in three-ring looseleaf binders, with appropriately marked divider tabs. A table of contents for each binder must be included.

**Stipulations of Fact**

Counsel for the parties shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented to the jury. Said stipulations shall be filed

4

with the Court no later than ten (10) days prior to the scheduled trial date. The Court will not allow direct or cross examination of any witness with respect to facts which are uncontested and facts which could have been stipulated.

**Joint Statement of Disputed Facts**

Counsel for the parties shall confer with one another in person to prepare a joint statement listing all disputed issues of fact which are to be submitted to the jury. Such statement shall be filed with the Court no later than five (5) days prior to the scheduled trial date.

**Deposition Testimony (Video Tape or Written Transcript)**

When depositions (video tape or written transcript) are intended to be used as evidence at trial, counsel proposing to use such deposition testimony shall notify opposing counsel at least five (5) days prior to the scheduled trial date. Any objections to the deposition testimony <u>must</u> be filed in writing with the Court at least four (4) days prior to the scheduled trial date. Counsel proposing to use said deposition testimony shall file a reply brief within two (2) days thereafter or indicate agreement to delete the portions to which there is objection. If it is a video tape deposition, the Court must be provided with a complete written transcript of the video tape deposition. The Court will not allow the use of deposition testimony at trial unless counsel has complied with all of the above procedures.

**Remote Testimony**

If a party intends to use the Court's remote testimony technology to allow testimony from a witness who is unable to attend Court proceedings in person, the party seeking to offer the witness' testimony shall obtain prior approval of the Court, and shall contact the Court's technology advisors no later than ten days prior to trial to allow the technology advisor sufficient time to schedule and test the proposed remote access location and equipment. The current contact person for the technology department is David Zendlo, and he can be reached at 216-357-7053, or by email at David_Zendlo@ohnd.uscourts.gov . Remote testimony is not generally an acceptable substitute for presenting a live witness. It is not available to obtain testimony from witnesses who will be merely inconvenienced by having to appear in person, or because a party merely hopes to minimize their own cost of litigation, and should not be sought for those reasons. If, however, a witness would otherwise be unavailable to testify in person, permission may be sought from the Court and may be granted if the request is justified by sufficient cause.

**Courtroom Technology**

Any party that wishes to familiarize themselves with the presentation equipment and other technology available for use in the courtroom prior to trial, should contact the Courtroom Deputy at 216-357-7160 no later than one week before trial to schedule a time to visit the courtroom. If the party will require technological assistance with any of the equipment, they should also contact the Court's technology advisors to ensure that someone will be available during the scheduled time to assist with the set-up and use of any equipment, or any other technological issues that may arise.

The current contact person for the technology department is David Zendlo, and he can be reached at 216-357-7053, or by email at David_Zendlo@ohnd.uscourts.gov .

**Motions**

Any pre-trial motion, such as a motion *in limine*, the moving party believes requires the Court's attention prior to the commencement of trial, shall be filed in writing and served upon opposing counsel at least ten (10) days prior to the scheduled trial date. The nonmoving party shall respond, if desired, at least three (3) days prior to the scheduled trial date. Failure to comply with this requirement may impair the Court's ability to thoroughly analyze such motion before the commencement of trial.

**Continuances**

No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance, endorsed in writing by all parties and lead counsel of record. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto. The motion shall be filed within fifteen (15) days of counsel becoming aware of the conflict and not less than thirty (30) days prior to the scheduled trial date.

**Settlement**

The parties shall notify the Court at the earliest possible time if a settlement is reached in the case.

**Trial Order**

Counsel are expected to comply with this Trial Order.  In order to accomplish this, the Court will assume that all counsel have read and familiarized themselves with this Trial Order and with the Local Rules of this Court.

**Trial Conduct**

To prevent unnecessary delay and to ensure all counsel are able to fully participate in all stages of the trial, counsel are to remain available and in the proximity of the courtroom during jury deliberations.  If counsel needs to leave the immediate area, they must notify the courtroom deputy.

IT IS SO ORDERED.


  /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATE: July 2, 2019